**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| **JANE DOE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. ________ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| **DENNYSVILLE SCHOOL** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT IN SUPPORT OF APPEAL OF DECISION OF HEARING OFFICER UNDER 20 U.S.C. §1415; 28 U.S.C. §1331**

**COMES NOW**, Plaintiff JANE DOE, by and through her attorney, CANDICE LAPHAM (Attorney), AND hereby state the following:

## I. INTRODUCTION

On September 22, 2025, a Due Process Hearing Request Form (Complaint) was filed on behalf of Jane Doe with the Maine Department of Education Dispute Resolution Office against the Dennysville School Department of the AOS 77 Sunrise County School system for: (1) denying Jane Doe a free, appropriate public education (FAPE) in violation of the Individuals with Disabilities Education ACT (IDEA); and (2) failing to identify Jane Doe as a student with a disability in violation of Child Find under the IDEA. Parents of Jane Doe (Parents) filed and proceeded with the Due Process hearing even after she reached the age of majority based on their educational power of attorney signed by Jane Doe. This is an appeal of a June 22, 2026, decision by a hearing officer for the Maine Department of Education Dispute Resolution Office finding the district did not deny Jane Doe FAPE or otherwise violate the IDEA. Plaintiffs seek an Order overturning the June 22, 2026, Decision and finding Dennysville violated Jane Doe's rights under IDEA. Plaintiffs also seek attorney fees and costs related to requesting and proceeding with the issues in their due process hearing request.

## II. PARTIES & JURISDICTION

1. Plaintiff, Jane Doe, is now, and at all times herein mentioned was, an individual residing in Dennysville, Maine within the boundaries of Dennysville School Department.

2. Plaintiff has standing herein pursuant to her individual capacity as to the IDEA claims.

3. The Supreme Court determined a parent or child may be a "party aggrieved" under 20 U.S.C. § 1415(g)(1) for the purposes of 20 U.S.C §1415(i)(2). *Winkelman v. Parma City School District*, 550 U.S. 516, 531 (2007).

4. Defendant, Dennysville School Department (Dennysville), is now, and at all times herein mentioned was, a school department duly organized and existing under the laws of the State of Maine and is located within, organized, and existing under the laws of the State of Maine and is located within Washington County.

5. This civil action is brought against Dennysville pursuant to 20 U.S.C. § 1400 et. seq., and is commonly known as the Individuals with Disabilities with Education Act (IDEA).

6. This court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331 in that it arises under the IDEA, which also expressly vests this court with jurisdiction over this action in 20 U.S.C. §1415(i)(2).

## III. <u>FACTUAL ALLEGATIONS</u>

7. Jane Doe was enrolled at Pembroke Elementary as a student of the Dennysville School Department during the 2019-2020 academic year.

8. Parents withdrew Jane Doe from the public school system in November 2019 due to incidents of bullying. Jane Doe was in sixth grade. Jane Doe was the victim of bullying and spoke with the school counselor, Bill Attick, about the bullying issues.

9. After Parents observed Jane Doe struggling mentally, emotionally, and socially at school due to the bullying issues, they homeschooled Jane Doe for the remainder of the 2019-2020 school year.

10. In the 2020-2021 school year, Jane Doe was enrolled in the Maine Virtual Academy (MEVA) for seventh grade.

11. In the 2021-2022 school year, Jane Doe was enrolled in the International Virtual Learning Academy (IVLA) for eighth grade. She performed well academically but struggled with the lack of structure of the program.

12. In the 2022-2023 school year, Jane Doe was enrolled in the Institute for Champions & Leaders Academy (ICL Academy), a virtual private school, for ninth grade.

13. Jane Doe faced serious difficulties while enrolled at ICL Academy and, in May 2023, was hospitalized for suicidal ideations and self-harm. She was admitted for two weeks as an inpatient.

14. In August 2023, Jane Doe was hospitalized again for suicidal ideations and self-harm. She was again admitted for two weeks as an inpatient. This was the second incident within four months.

15. In the 2023-2024 school year, Jane Doe was enrolled at Foxcroft Academy for tenth grade. Dennysville funded Jane Doe's tuition for school choice. Jane Doe continued to face serious difficulties. Parents withdrew Jane Doe from Foxcroft Academy and re-enrolled her in ICL Academy.

16. In December 2023, Jane Doe was hospitalized a third time for suicidal ideations and self-harm. She was again admitted for two weeks as an inpatient. This was the third incident in less than ten months. Parents became increasingly concerned about Jane Doe’s health and the impact on her education.

17. On or around March 6, 2024, Parents sought a neuropsychological evaluation of Jane Doe by Dr. Moira Creedon from Neuropsychology & Education Services for Children & Adolescents (NESCA) in Massachusetts to determine the necessary and appropriate supports for Jane Doe There were no immediate availabilities for evaluations within the state of Maine, and, after three hospitalizations, Parents had an urgent need to understand Jane Doe’s needs. Parents went out-of-state to have the evaluation conducted as soon as possible and paid $5,000.00 for the evaluation. The evaluation took place from March 6, 2024, to April 9, 2024.

18. Dr. Creedon diagnosed Jane Doe with “Other Specified Trauma and Stressor Related Disorder (Developmental Trauma) (F43.8)” and “Attention-Deficit/Hyperactivity Disorder, Combined Type (F90.20).

19. From May 30, 2024, until August 15, 2024, Jane Doe was admitted to Embark Behavioral Health Residential Treatment Facility based on the evaluation from Dr. Creedon. Embark required the diagnoses from Dr. Creedon’s diagnosis to admit Jane Doe to their facility for treatment.

20. On May 30, 2024, Dr. Elmer Cupino at Embark diagnosed Jane Doe with “Major Depressive Disorder (Recurrent/Moderate) (F33.1)” and “Persistent Depressive Disorder (F34.1).”

21. Parents continued to be increasingly concerned about Jane Doe's significant mental health diagnoses, the impact on her education, and her inability to safely receive FAPE in a public-school setting.

22. On July 15, 2024, Parents contacted Elizabeth Cushing, Director of Special Education for Dennysville School Department, to inquire about special education eligibility for their daughter.

23. Parents were concerned how Jane Doe's return to a public-school setting would affect her mental health and safety without a special education eligibility determination or the appropriate services and supports.

24. Parents enrolled Jane Doe at Oliverian School in New Hampshire for the 2024-2025 school year, where Jane Doe would have access to therapeutic services including counselors. At the time of the due process hearing request, Jane Doe was enrolled at Oliverian for the 2025-2026 school year and was expected to graduate in May 2026.

25. The first eligibility meeting did not occur until September 10, 2024. On September 18, 2024, Parents consented to the initial evaluation.

26. Dennysville contracted Dr. Rebekah Bickford to conduct Jane Doe's special education evaluation. Dr. Bickford conducted her evaluation of Jane Doe between September 2024 and January 2025 at Oliverian, where Jane Doe had already begun to make notable improvements with the supports and services available to her. According to her report, Dr. Bickford completed her evaluation on January 12, 2024, and the dates of assessment were October 17, November 11, and November 15, 2024.

27. The second eligibility meeting to discuss the evaluation report and Jane Doe's special education eligibility determination occurred on February 11, 2025. The team disagreed on her eligibility under the IDEA disability category of emotional disturbance, so Director Cushing made the final decision that Jane Doe is not eligible for special education services.

28. According to the Written Notice provided by the District, Dr. Bickford's report fails to support the diagnoses provided in the evaluation completed by Dr. Creedon, which was completed approximately six months prior to Jane Doe's enrollment at Oliverian and three months prior to her admission to Embark. Parents disagreed with the determination and requested an independent educational evaluation (IEE).

29. On March 10, 2025, Parents received a letter from the Attorney Herlan denying their request for an IEE.

30. On September 22, 2026, Parents of Jane Doe filed a Due Process Hearing Request on behalf of their daughter, Jane Doe, against Dennysville School Department.

31. On October 8, 2025, the parties met with the assigned hearing officer for a scheduling conference. The hearing officer set a briefing schedule and all parties agreed to hold the hearing on December 9, 10, 11, and 16, 2025.

32. On October 30, 2025, the parties participated in a mediation. The parties were unable to resolve the issues and the matter proceeded to hearing.

33. On November 25, 2025, Dennysville filed a Motion to Exclude Witness Report and Testimony regarding Parents' expert witness, Dr. Jennifer Strong, who provided a forensic analysis for the purpose of the due process hearing. Dennysville argued Dr. Strong was "practicing psychology" without the

proper credentials in violation of Maine and New Hampshire law. Parents argued Dr. Strong's forensic analysis could have been performed by even a non-psychologist and was not "practicing psychology," and, therefore, neither she nor her report should be excluded from the proceedings.

34. On December 8, 2025, the hearing officer granted Dennysville's motion and excluded Dr. Strong's report and imposed limitations on her testimony.

35. The due process hearing took place on December 9, 10, 11, 16, 2025 as well as January 30 and March 2, 2026.

36. During the hearing, Parents' counsel requested Dr. Bickford's testimony also be limited based on lack of concrete evidence that she received a temporary license to conduct her evaluation of Jane Doe in New Hampshire. Despite a continued lack of a formal temporary license being produced by Dennysville or Dr. Bickford, the hearing officer allowed Dr. Bickford to testify without limitation.

37. During Dr. Bickford's testimony, Dennysville's counsel discussed documents that were not previously reviewed by Dr. Bickford during her evaluation. Parents' counsel objected as this would allow Dr. Bickford to go beyond the scope of her evaluation report and provide new opinions despite not having been identified as an expert witness. The hearing officer overruled Parents' objection.

38. The due process hearing concluded on March 2, 2026.

39. Parents received the due process Decision on July 22, 2026. In sum, the hearing officer found Parents did not meet the burden of proving Jane Doe was a student with an emotional disability under IDEA and, therefore, Dennysville did not deny Jane Doe FAPE by finding her ineligible for special education.

## IV. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### (Appeal of Administrative Due Process Hearing against Defendant Dennysville School Department Due to Violation of Plaintiffs' Rights under the IDEA)

40. Plaintiffs incorporate by reference all the preceding paragraphs in this complaint.

41. As the aggrieved parties under the hearing officer's Decision, Plaintiffs appeal the administrative decision as to the issues presented. 20 U.S.C. §1415(g)(1).

42. The Decision should be reversed *inter alia* because the hearing officer erred in the following regard: (1) finding Dennysville did not deny Jane Doe FAPE; (2) finding Parents did not meet the burden of proof that Jane Doe is a student with an emotional disability under IDEA; and (3) inconsistent rulings

regarding witness examination resulting in differential treatment of witnesses and the parties.

43. Under 20 U.S.C. §1415 (f)(3)(iii), the hearing officer, while conducting an impartial due process hearing must, at a minimum, possess the knowledge and ability to conduct the hearing according to "appropriate, standard legal practice."

44. The hearing officer failed to conduct the hearing with the appropriate standard legal practice by failing to apply the same standard to both parties and their witnesses.

45. The hearing officer relied significantly on arguments, briefs, or memorandum from both parties regarding special education law, evidentiary standards, and standard federal legal practices.

46. While MUSER does allow hearing officers to practice discretion with evidentiary standards in special education due process hearings, the hearing officer in this matter failed to maintain standard legal practice as required under IDEA.

47. As a direct and proximate result of Dennysville's actions, Plaintiffs sustained injuries and damages.

**SECOND CLAIM FOR RELIEF**

**(Recovery of Attorneys' Fees as Prevailing Party)**

48. Plaintiffs incorporate by reference all prior allegations as if fully restated.

49. Under 20 U.S.C. §1415(i)(3)(B), a court may award reasonable attorneys' fees to a parent of a child with a disability as a prevailing party in a due process proceeding under the IDEA.

50. Given the erroneous nature of the Decision by the hearing officer, Plaintiffs are a prevailing party.

51. As the prevailing party, Plaintiffs are entitled to attorneys' fees. Attorneys' fees related to this matter are estimated to exceed $75,000.

## V. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully pray that this Court receive the records of the administrative proceedings, and based on the foregoing enter judgment for Plaintiffs and against Defendant as follows:

1. Overturn the Decision by the Hearing Officer of the Maine Department of Education Dispute Resolution Office;
2. That the Court find that Jane Doe was a student with an emotional disability under IDEA and MUSER;
3. That the Court award Plaintiffs the cost of suit incurred herein, including reasonable attorney fees, interest, and costs in connection with the filing and

prosecution of all claims herein, including those incurred at the administrative level; and

4. For such other and further relief as this Court may deem just and proper.

Dated September 18, 2026

Respectfully submitted,

/s/ *Amy Phalon*
Amy Phalon
Maine Bar No. 5243
A.Phalon Law, PLLC
40 Main St., Suite 13-140
Biddeford, ME 04043
207-752-2330
amy@aphalonlaw.com

/s/ *Candice Koopman Lapham*
Candice Koopman Lapham
South Carolina Bar No. 73714
The Law Office of Keith Altman, PLLC
30474 Fox Club Dr.
Farmington Hills, MI 48331
candicelapham@kaltmanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on the 18th day of September 2026, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Amy Phalon*
Amy Phalon